NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 2, 2016
Decided December 14, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*[*]

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-2295

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 15 CR 50003 |
| CHRISTOPHER ECCLES, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Christopher Eccles appeals the sentence he received after he pled guilty to conspiring to possess with intent to distribute and to distributing cocaine. He maintains that the district court erred when it included drugs Eccles had bought and sold prior to

---

[*] Circuit Judge Posner retired on September 2, 2017, and did not participate in the decision of this case, which is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

the charged conduct as relevant conduct at sentencing. Including the prior conduct significantly increased the drug quantity for which Eccles was held responsible at sentencing, which led to a higher offense level and higher advisory guidelines range. We find no clear error in the district court's relevant conduct determination. Both the charged and uncharged conduct involved a common purpose, common accomplices, the same location, and were close in time. Therefore, we affirm Eccles's sentence.

## I. BACKGROUND

Christopher Eccles received and distributed a total of approximately 2.5 kilograms of cocaine from his supplier between January 1, 2012 and July 14, 2014. Eccles received about 28 grams of cocaine from his supplier approximately three times a month during this time period.

At some point, Eccles's supplier became a confidential informant for the government. Not knowing this, Eccles contacted the confidential informant in August of 2014 and advised him that William Graf had cocaine available to sell for $1,300 an ounce. Eccles told the informant that Graf could sell them as much cocaine as they wanted at that price.

Eccles was arrested and pled guilty to conspiring with Graf to possess with the intent to distribute and to distributing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Eccles admitted in his plea agreement that he and Graf conspired to sell the confidential informant approximately 249 grams of cocaine between August 4, 2014 and August 8, 2014.

The Presentence Investigation Report prepared by the probation office included as relevant conduct the approximately 2.5 kilograms of cocaine that Eccles possessed with the intent to distribute between January 1, 2012 and July 14, 2014. Eccles objected, arguing that the 2.5 kilograms was not relevant conduct to the charged conduct. At the sentencing hearing, the district court ruled that the 2.5 kilograms was relevant conduct and included it in the drug quantity for which Eccles was responsible. The resulting base offense level was 26 in light of a total drug quantity of between 2 and 3.5 kilograms of cocaine. After an adjustment for acceptance of responsibility, Eccles's advisory guidelines range was 57-71 months. The district court imposed a sentence of 60 months' imprisonment followed by three years of supervised release. Eccles appeals his sentence.

## II. ANALYSIS

Eccles argues on appeal that the district court erred in determining the drug quantity for which he was responsible at sentencing because, he contends, his prior

drug trafficking did not constitute relevant conduct to the crime to which he pled guilty. We review the district court's factual findings in the drug quantity determination for clear error. *United States v. Block*, 705 F.3d 755, 759 (7th Cir. 2013). We review the district court's legal conclusions regarding sentencing determinations under the Guidelines de novo. *United States v. Smith*, 308 F.3d 726, 743–44 (7th Cir. 2002).

Under the United States Sentencing Guidelines, a defendant is held responsible at sentencing for relevant conduct, defined as all acts and omissions committed by the defendant that were part of the same course of conduct or common scheme or plan as the offense of conviction. U.S.S.G. § 1B1.3(a)(2). The commentary to U.S.S.G. § 1B1.3 states that "[f]or two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3 cmt. n.5(B)(i).

Eccles first maintains that the district court erred in finding that the confidential informant was a common accomplice in both the charged conspiracy and uncharged conduct. Eccles argues that he and the informant had only a buyer/seller relationship for the charged conduct, which is a relationship insufficient to prove a conspiracy, and so the informant could not have been a co-conspirator in the charged conduct. *See United States v. Cruse*, 805 F.3d 795, 811 (7th Cir. 2015). Therefore, he maintains, the informant cannot be considered a "common accomplice" under the Guidelines.

As a government informant, the confidential informant could not have been a co-conspirator with respect to the charged conduct. *See United States v. Corson*, 579 F.3d 804, 811 (7th Cir. 2009). But Eccles does not point to any authority or any sound reason to support his proposition that to be considered an "accomplice" for purposes of U.S.S.G. § 1B1.3, that person must be capable of being charged of conspiracy with respect to the offense of conviction. As part of the offense of conviction, Eccles contacted the confidential informant and informed him that Graf had cocaine to sell. Eccles told the informant that Graf could sell them as much cocaine as they wanted for $1,300 per ounce. The same person who later acted as an informant had supplied Eccles with approximately 2.5 kilograms of cocaine during the uncharged conduct. It was not clearly erroneous for the district court to conclude that the informant was one factor connecting the charged and uncharged conduct.

For offenses involving drugs, we have said that a defendant is held responsible at sentencing for the quantity of drugs attributable to the offense of conviction as well as connected sales or distributions that are part of a "continuous pattern of drug trafficking" activity. *United States v. Tankson*, 836 F.3d 873, 884 (7th Cir. 2016) (quoting

*United States v. White*, 519 F.3d 342, 348 (7th Cir. 2008)). The important question in the relevant conduct determination is whether the offenses are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* at 883 (quoting *White*, 519 F.3d at 347); *see also United States v. Ortiz*, 431 F.3d 1035, 1040 (7th Cir. 2005).

Eccles argues that the 2.5 kilograms he bought and sold from 2012 through the first half of 2014 were not part of the same course of conduct or common scheme or plan as the August 2014 conspiracy to sell cocaine. He maintains that the only similarity between the two is that he engaged in drug transactions to make a profit. He states that in the earlier activity he was only a purchaser from his supplier, while during the charged conduct he conspired with Graf to sell cocaine.

We find no clear error in the district court's relevant conduct determination. It was not clearly erroneous for the district court to conclude that Eccles's participation in a conspiracy to sell cocaine to his former supplier in August 2014 and his weekly purchases from the same person from January 2012 through July 2014 were part of a continuous pattern of drug trafficking. Both involved a common purpose (the purchase and sale of cocaine for profit), common accomplices (Eccles and the confidential informant), and they were close in time. Indeed, the charged conduct took place only weeks after the relevant conduct ended. Both the charged and uncharged conduct also involved the same locale, as Eccles possessed the 2.5 kilograms in Machesney Park, Illinois and Rockford, Illinois, and the charged conduct took place in Machesney Park. That the charged conduct was facilitated by the confidential informant's prior relationship to Eccles as a supplier further supports the district court's finding of a common scheme or plan.

The district court's relevant conduct finding is consistent with our precedent. In *United States v. Lomax*, 712 F.3d 1087 (7th Cir. 2013), for example, we affirmed a relevant conduct finding where the defendant regularly sold both powder and crack cocaine in two Illinois locations using two different suppliers over the same period of time because, we concluded, the charged conduct was part of a "continuous pattern of drug trafficking" and so the uncharged sales were properly included as relevant conduct. *Id.* at 1090. We concluded in another case, "Despite the fact that the charged and uncharged offenses involved different participants and different amounts, the uncharged conduct involved the same principal, the same location, and the same drug-facts that render it similar enough to the offense of conviction to show that [the defendant] was engaging in an ongoing pattern of conduct." *United States v. Singleton*, 548 F.3d 589, 592 (7th Cir. 2008). Here, the district court's conclusion that Eccles's

uncharged conduct was part of the same course of conduct or common scheme or plan as that of his offense of conviction was not clearly erroneous.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.